RECEIVED
IN LAKE CHARLES, LA

MAY 2 6 2009
Pam
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:06 CR 20001-001 |
| VS. | : | JUDGE MINALDI |
| ANTHONY J. GOBERT | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence [docs. 71] pursuant to 28 U.S.C. §2255. The Government filed an Answer [doc. 75]. The defendant was granted an extension of time to file a Reply, but no Reply was timely filed.

The defendant asks the court to vacate his conviction and to remand for re-sentencing, alleging that his constitutional right to due process was violated, in the following ways:

1)     There were inconsistent statements offered by witnesses at trial;

2)     His constitutional rights were violated as DNA and fingerprints were never taken from the weapon;

3)     There was insufficient evidence for conviction;

4)     His constitutional rights under *Terry* were violated when he was searched and no weapon was found;

5)     His Presentence Report and guideline calculation were wrongly enhanced by two points for possession of stolen firearm and by four points for being in possession of a firearm as a result of burglary; and

6)     His 4th Amendment rights were violated when he was arrested outside his home.

## PROCEDURAL HISTORY

On January 19, 2006, a federal grand jury returned a two-count indictment against the defendant. Count 1 charged him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Count 2 was a forfeiture count. On December 21, 2006, the defendant filed a motion to suppress, which was denied.

On March 13, 2007, after a two-day jury trial, the defendant was convicted of Count 1. Pursuant to a motion by the government, the forfeiture charge was dismissed. On June 14, 2007, the defendant was sentenced to 70 months imprisonment as to Count 1.

On June 19, 2007, the defendant filed a notice of appeal.

On December 3, 2007, the defendant filed a motion entitled, "Petition for Re-sentencing Due to Miscalculations of Points on the Presentence Investigation Report" under 18 U.S.C. § 3553.

On December 14, 2007, the defendant filed another motion entitled "Motion for Review of Sentence under 18 U.S.C. § 3742 due to Miscalculation of Points and Designation as Career Offender." On February 27, 2008, this Court dismissed those two motions for lack of jurisdiction, since a direct appeal was pending. The Fifth Circuit dismissed the defendant's appeal of the denial of those motions.

On May 23, 2008, the United States Court of Appeals for the Fifth Circuit affirmed the defendant's conviction for felon in possession of a firearm. The judgment was entered into the district court record on July 3, 2008.

On February 27, 2009, the defendant filed a Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255.

## FACTS

On May 17, 2005, Arthur Leslie was placing some merchandise in a front window of his lighting store, Leslie Lighting, in Lake Charles, Louisiana. From his point of view, he observed Anthony Gobert, whom he knew, walking across the street as he carried a rifle. (Trial Tr., pp. 125-127, 133, 139). Leslie knew Gobert and was aware that he lived in one of two small shotgun style houses located behind Leslie's store. Leslie would permit Gobert to use the store's telephone and would often lend Gobert money. Gobert's Workmen's Compensation check would be sent to the store. (Trial Tr., pp. 146-149).

Leslie watched Gobert carry a gun as he walked between the church and another building. Then Leslie saw Gobert emerge empty handed a few seconds later. (Trial Tr., pp. 126, 134, 142-143). Gobert crossed the street and headed in the direction of the two shotgun houses behind the store. The defendant lived in the house with the number "724." (Trial Tr., pp. 126, 143, 146).

Although Leslie was confused by this behavior, he continued stocking his merchandise. The next time he looked out the window he observed Gobert re-emerge from the area between the church and the other building and noticed that he was again carrying the same rifle. (Trial Tr., pp. 126-127, 143-145). Gobert headed back in the direction of the shotgun houses. (Trial Tr., pp. 126-127, 143). Leslie then called the police. (Trial Tr., pp. 137-138).

Captain Smith with the Lake Charles Police Department responded to the call, approached the two shotgun houses located behind the store, and saw Gobert emerge from the second house, which bore the number 722. (Trial Tr., pp. 85, 96-98, 102-103, 107). When Captain Smith asked him if he had seen anyone with a gun in the area, Gobert responded that he had seen a black man with a gun, wearing white blue jeans and a black shirt heading east towards Brown Street. (Trial Tr., p.

3

99). Captain Smith proceeded to investigate that information. (Trial Tr., pp. 99-100, 111-114).

Other officers arrived and saw Gobert emerging from the second shotgun house with a number 722. Gobert fit the description that Leslie had given them. (Trial Tr., pp. 73-83). Leslie positively identified Gobert as the individual whom he had seen carrying the gun. (Trial Tr., p. 101). In the house marked 722, which was vacant, the officers found a .30-30 caliber Marlin rifle equipped with a scope and a shoulder strap, Leslie subsequently identified as the gun that he had seen Gobert carrying that day. (Trial Tr., pp. 63-64, 88-89, 132, 157-158).

Gobert had previously been convicted in the Fourteenth Judicial District Court Calcasieu Parish, Louisiana.

## Law and Analysis

The only issues cognizable under 28 U.S.C. § 2255 are jurisdictional and constitutional issues, and in rare circumstances non-constitutional and non-jurisdictional errors, not raised on appeal, which could result in a "complete miscarriage of justice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1996); *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

Collateral review is fundamentally different from and may not replace a direct appeal. *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) *(en banc)*. Even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994) ( citing *Shaid*, 937 F.2d at 232); *United*

4

*States v. Walker,* 68 F.3d 931, 934 (5th Cir.1995).

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96, 106 S. Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Bousley v. United States,* 523 U.S. 614, 620-2, 118 S. Ct. 1604, 1610-1611, 140 L.Ed.2d 828 (1998); *United States v. Ward,* 55 F.3d 412, 414 (5th Cir. 1995); *Shaid,* 937 F.2d at 232; *United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992); *United States v. Hicks,* 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid,* 937 F.2d at 232; *United States v. Williams,* No. 05-30014-01, 2008 WL 5532099, *2 (W.D.La. 12/04/2008). Gobert has not established cause and prejudice, nor a miscarriage of justice.

A criminal defendant who fails to raise an available issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Mills v. United States,* 36 F.3d 1052, 1055 (11th Cir. 1994). A showing of a fundamental miscarriage of justice can be shown if a prisoner can establish actual innocence. *Id.* at 1465 n.5. To do so, the prisoner must demonstrate that, "in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Jones v. United States,* 153 F.3d 1305, 1308 (11th Cir. 1998) (internal quotations and citations omitted). Gobert has not asserted actual innocence.

Gobert is procedurally barred from raising his claims regarding the enhancements assessed in the Presentence Report as those are claims that he could have raised on direct appeal, but did not raise. *United States v. Willis,* 273 F.3d 592 ( 5th Cir,2001). A district court's technical application

of the Guidelines does not give rise to a constitutional issue cognizable under § 2255. *United States v. Vaughn,* 955 F.2d 367, 368 (5th Cir.1992).

Gobert's claims that fingerprints and DNA were not taken from the firearm and that there were inconsistencies in trial testimony were considered and rejected by the Fifth Circuit in his direct appeal. Claims that have been raised and considered on direct appeal cannot be considered in a §2255 motion and may be dismissed without reconsidering the merits. *United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir. 1994).

The defendant's claims are either procedurally barred or have been addressed on appeal. Accordingly, for the reasons stated herein, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this _26_ day of May, 2009.


PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

6